IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TWILA GAFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-10-926-C |
| | ) | |
| ST. MARY'S REGIONAL MEDICAL CENTER, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

Plaintiff was employed by Defendant as a registered nurse. Following her termination by Defendant, Plaintiff filed this action complaining of sexual discrimination and retaliatory discharge. Asserting that the undisputed material facts demonstrate that Plaintiff cannot prevail on her claims, Defendant filed the present motion seeking summary judgment.

## **STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden,

the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## **DISCUSSION**

Plaintiff's Complaint alleges both quid pro quo sexual harassment and hostile work environment, as well as a claim for retaliatory discharge for making a complaint of sexual harassment.

### *Quid Pro Quo*

In its motion, Defendant argues that Plaintiff's claim for quid pro quo harassment must fail, as she fails to identify that the person who allegedly harassed her had some supervisory authority. Plaintiff fails to respond to Defendant's arguments in her response to the summary judgment motion. After review of the undisputed facts submitted by the parties, the Court finds that Plaintiff's claim for quid pro quo sexual harassment must fail. To prevail

on that claim, Plaintiff must show that "tangible job benefits" were conditioned on her submission to conduct of a sexual nature and that her refusal would have resulted in adverse job consequences. Hicks v. Gates Rubber Co., 833 F.2d 1406, 1414 (10th Cir. 1987). As noted, none of the undisputed facts proffered by the parties demonstrate such a required submission. Accordingly, Plaintiff has failed to make a prima facie case of quid pro quo sexual harassment and Defendant's motion for summary judgment will be granted on this issue.

*Hostile Environment*

Defendant next challenges Plaintiff's claim for hostile work environment, arguing that Plaintiff has failed to demonstrate the harassment was severe and pervasive or that it altered a term, condition, or privilege of her employment.

To establish a prima face case of hostile work environment due to sexual harassment, Plaintiff must prove (1) she is a member of a protected group; (2) she was subjected to unwelcome harassment based on sex; and (3) the harassment was pervasive enough to alter a term, condition, or privilege of her employment and to create an abusive working environment. Dick v. Phone Directories Co., Inc., 397 F.3d 1256, 1262-63 (10th Cir. 2005). Defendant argues that the undisputed material facts demonstrate that Plaintiff did not suffer a work environment where the harassment was severe and pervasive.

The undisputed material facts reveal the following about Plaintiff's claims of sexual harassment: First, her co-worker stared at her and she interpreted that staring as sexual; and second that her co-worker flirted with her. While on the surface these claims appear to have

some substance, when Plaintiff's testimony in support is examined, even in the light most favorable to her, little support exists. Plaintiff's testimony regarding the flirting was vague. The portions of the deposition cited by Plaintiff as demonstrating these acts offer no examples or assertions of the comments allegedly made by the co-worker. Further, as Defendant notes, Plaintiff admitted in her deposition that another person may not find the comments to have been improper; that is, that a reasonable person may not have found those comments to be hostile. The same holds true for the staring. Plaintiff admitted that it may not have bothered another person.

Even ascribing some ill-intent to the co-worker's conduct, the Court finds it does not rise to the level of harassment or create a hostile environment. As noted above, to constitute harassment, the conduct must be severe or pervasive. Id. The Tenth Circuit has held that to satisfy the pervasive standard, there must be more than a single incident of harassment or, if there is but a single incident, it must be sufficiently severe. See Hirschfeld v. N.M. Corrections Dep't, 916 F.2d 572, 575 (10th Cir. 1990). Here, after review of Plaintiff's assertions regarding the nature of the conduct by the co-worker, including the comments purportedly made to her husband, the Court finds that a reasonable jury simply could not determine that those comments were either severe enough or pervasive enough to give rise to a hostile work environment claim. Even when viewed in the light most favorable to Plaintiff, the Court finds the conduct of the co-worker does not cross the line from boorish and immature to harassment. See Sprague v. Thorn Americas, Inc., 129 F.3d 1355, 1366 (10th Cir.1997) (holding that unpleasant and offensive conduct does not necessarily create

a hostile work environment). Further, given Plaintiff's admission that a reasonable person may not find the conduct hostile, the Court finds that it was not within the purview of Title VII. See Faragher v. City of Boca Raton, 524 U.S. 775, 787 (1998) ("in Harris, we explained that in order to be actionable under the statute, a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.") (citing Harris v. Forklift Sys., Inc., 510 U.S. 17 at 21-22 (1993)). Thus, the Court finds that Plaintiff has failed to meet a prima facie case and therefore Defendant's motion for summary judgment should be granted.

Defendant argues that even if the Court finds Plaintiff has established a prima facie case, it is still entitled to summary judgment under the Faragher/Ellerth[*] affirmative defense. A defendant is entitled to the Faragher/Ellerth defense where there has been no tangible employment action, the employer has taken reasonable and appropriate steps to prevent and cure any alleged harassment, and the plaintiff unreasonably failed to take advantage of the preventative and corrective harassment policy.

Here, the undisputed material facts demonstrate that there was no tangible employment action. While Plaintiff clearly was terminated, there is no evidence from which a reasonable jury could find that that action could be attributed to or influenced by the alleged harasser. Therefore, it is not a tangible employment action. See Conatzer v. Med.

---

[*] Faragher v. City of Boca Raton, 524 U.S. 775, 807-08 (1998), and Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 765 (1998).

Prof. Bldg. Svcs. Corp., 95 F.App'x 2726, 280 (10th Cir. 2004).  Further, Plaintiff offers no argument or fact to challenge the fact that Defendant had an adequate and effective anti-harassment policy in place, of which Plaintiff was aware, and which provided a clear and simple procedure for offering or making a complaint of sexual harassment.  Plaintiff does argue that she did in fact notify one of Defendant's employees of the alleged harassment.  In particular, Plaintiff argues that she made complaints to her nurse manager, Ashley Pollard.  While Ms. Pollard has offered sworn testimony that no such complaint was made, at this stage the Court must accept as true Plaintiff's allegation that the complaint was made.  However, even accepting that Plaintiff complained to Ms. Pollard does not deny Defendant the right to rely on the defense.  By Plaintiff's own admission, Ms. Pollard did not take her complaints seriously.  Under the terms of Defendant's procedure, Plaintiff then had the obligation to report the issue to a member of Human Resources or otherwise follow the dispute resolution process outlined in the employee handbook.

As the Fifth Circuit noted in Wyatt v. Hunt Plywood Co., Inc., 297 F.3d 405, 413 (5th Cir. 2002), an employee's actions are unreasonable when she fails to follow the procedures outlined in the harassment policy.  As the Tenth Circuit has noted, "[t]he 'primary objective' of Title VII 'is not to provide redress but to avoid harm.'"  Pinkerton v. Colo. Dep't of Transp., 563 F.3d 1052, 1063-64 (10th Cir. 2009) (quoting Faragher, 524 U.S. at 806).  The Circuit further noted,

> To promote this objective of avoiding harm, Title VII in general, and the Ellerth/Faragher defense in particular, is premised on a cooperative framework wherein the employee reports sexual harassment and the employer remedies

>   the improper conduct. "[T]he law against sexual harassment is not self-enforcing and an employer cannot be expected to correct harassment unless the employee makes a concerted effort to inform the employer that a problem exists." Shaw [v. AutoZone, Inc.], 180 F.3d [806] at 813 [7th Cir. 1999] (internal quotation marks omitted).

Pinkerton, 563 F.3d at 1063-64. Under this governing legal standard, Plaintiff's actions in making a complaint only to a supervisor who she admits showed no concern or interest in investigating is insufficient to have demonstrated a concerted effort to inform her employer of the alleged harassment. Accordingly, Plaintiff's failure to take further action to seek redress for the alleged harassment precludes her from proceeding further here and Defendant is entitled to judgment on this claim.

### *Retaliation*

Plaintiff next brings a claim for retaliation. According to Plaintiff, her termination was in retaliation for her complaints of the co-worker's harassment. To establish a prima facie case of retaliation, Plaintiff must show that: "(1) she engaged in protected opposition to discrimination; (2) she suffered an adverse action that a reasonable employee would have found material; and (3) a causal nexus exists between her opposition and the employer's adverse action. Montes v. Vail Clinic, Inc., 497 F.3d 1160, 1176 (10th Cir. 2007). Defendant concedes that Plaintiff has satisfied the second element in that her termination was clearly an adverse employment action.

Defendant argues that because Plaintiff cannot show that she was harassed, she cannot prevail on her retaliation claim. However, as Plaintiff notes, the law is not so narrow. Rather, all Plaintiff must hold is a good faith belief that Title VII had been violated. See

Love v. RE/MAX of Am., Inc., 738 F.2d 383, 385 (10th Cir. 1984). While there are some questions as to whether or not Defendant's agent could have understood that Plaintiff was complaining of sexual harassment based upon the generalized nature of the allegations against her co-worker, at this stage the Court must grant Plaintiff every inference. Accordingly, the Court will find that Plaintiff engaged in protected activity by making a complaint about the harassment by her co-worker, thereby satisfying the first prong of the prima facie case. The final question then is whether or not there is some connection between that opposition and the employer's adverse action.

Here, Plaintiff points to the temporal proximity between her protected action and her discharge, arguing that the timing alone is sufficient to establish a retaliation case. See O'Neal v. Ferguson Constr. Co., 237 F.3d 1248 (10th Cir. 2001). According to Plaintiff, she was terminated merely 3-4 weeks after asserting a good faith complaint about the harassment. At this stage, when viewed in a light most favorable to Plaintiff, the Court finds that Plaintiff has put forward facts supporting a prima facie case.

*Pretext*

Defendant argues that even if Plaintiff satisfies the prima facie case, she cannot prevail as Defendant has offered a legitimate non-discriminatory reason for her termination and Plaintiff cannot establish that that reason was pretextual. Defendant argues that Plaintiff was terminated because she made a threat against a co-worker involving a firearm. Defendant argues that, when combined with the other concerns regarding Plaintiff's work

8

performance – dispensing prescription medications, and an ability to work well with others – it decided to terminate Plaintiff's employment.

When examining the issue of pretext, the question is whether the employer's stated reasons were held in good faith at the time of the discharge, even if they are later proved to be untrue, or whether Plaintiff can show that the employer's explanation was so weak, implausible, inconsistent, or incoherent, that a reasonable factfinder could conclude that it was not an honestly held belief but rather subterfuge for discrimination. Young v. Dillon Cos., Inc., 468 F.3d 1243 (10th Cir. 2006).

In countering Defendant's arguments related to pretext, Plaintiff offers an alleged statement from Defendant's agent, Ms. Smith, "Well, I'll find another reason to fire you." However, it is clear that that statement was made regarding a drug screen Plaintiff took. Plaintiff was terminated for threatening a co-worker. Nowhere in Plaintiff's response is there any argument, factual citation, or legal citation suggesting that Defendant did not hold an honest belief that she had threatened a co-worker with a firearm. Rather, Plaintiff merely argues that she did not make the comment or that Defendant misunderstood her comments. However, at the pretext stage, the Defendant's good faith belief must be examined as to the facts as they appear to the decisionmaker. Kendrick v. Penske Transp. Svcs., Inc., 220 F.3d 1220, 1231 (10th Cir. 2000).

In examining the factual record before the Court, it is clear that at the time of termination, Defendant's decisionmakers believed in good faith that Plaintiff had improperly threatened a co-worker with a firearm. Accordingly, Defendant was justified in terminating

9

Plaintiff on those grounds. Because Plaintiff has failed her burden of offering facts to suggest pretext, Defendant is entitled to summary judgment.

## **CONCLUSION**

For the reasons set forth herein, St. Mary's Regional Medical Center's Motion for Summary Judgment (Dkt. No. 31) is GRANTED. A separate judgment shall issue.

IT IS SO ORDERED this 19th day of January, 2012.

_____
ROBIN J. CAUTHRON
United States District Judge